IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNY LOBELL and § | | |
| BILOXI CAPITAL, LLC § | | PLAINTIFFS |
| § | | |
| v. § | Civil Action No. 1:08cv521-LG-RHW | |
| § | | |
| GRAND CASINOS OF § | | |
| MISSISSIPPI, INC. - BILOXI § | | DEFENDANT |

### ORDER DENYING MOTION TO STRIKE JOSEPH COMER

**BEFORE THE COURT** is the Motion to Strike Plaintiffs' Expert Witness Joseph Comer [73] that was filed by Grand Casinos of Mississippi, Inc. - Biloxi. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Strike Comer should be denied.

### DISCUSSION

This lawsuit arose out of damage to the Tivoli Hotel that occurred when a casino barge struck the hotel during Hurricane Katrina. A complete discussion of the facts and procedural history of this case is included in this Court's Memorandum Opinion and Order Denying Motion to Dismiss and Motion for Review [47].

In support of their claims, the plaintiffs rely on the opinions of Joseph Comer, a naval architect and engineer. Grand Casinos argues that Comer's engineering opinions should be stricken, because Comer is not a licensed engineer. It relies on Miss. Code Ann. §73-13-1, which provides that any person practicing engineering must obtain a license.

This Court has previously addressed this precise issue with regard to Comer, holding:

> In the opinion of the Court, the inquiry regarding the statutory requirements for the practice of engineering, or what professional conduct may be proscribed by state law is different from this Court's inquiry regarding whether a witness is qualified to testify as an expert. Assuming that Mr. Comer's anticipated expert testimony constitutes the unlicensed "practice of engineering" as that term is defined by Mississippi Code Annotated §73-13-3, then that is between Mr. Comer and the Mississippi Board of Engineering. This Court need not, and will not wade into any quiescent challenge of the breadth of Mississippi law regulating the practice of engineering. Instead, the focus here is on the admissibility of expert testimony in federal court[,] which is governed by federal law.

*Biloxi Yacht Club v. Grand Casinos of Miss., Inc. - Biloxi*, No. 1:07cv888-LG-RHW, slip op. at 2 (S.D. Miss. Feb. 23, 2009). However, Grand Casinos relies on a subsequent opinion from this district that held that a person that was not licensed as an engineer was not competent to give expert testimony pursuant to Rule 601 of the Federal Rules of Evidence and Mississippi law. *See Bossier v. State Farm Fire & Cas. Co.*, No. 1:08cv408-LTS-RHW, 2009 WL 4061501 at *6 (S.D. Miss. Nov. 20, 2009). In addition, Grand Casinos notes that the Fifth Circuit has held that a district court's decision to strike an expert engineer on the basis that he was not licensed was not manifestly erroneous, because the proponent of the expert was permitted to ask the expert questions regarding general engineering standards of care. *Aiken v. Rimkus Consulting Grp., Inc.*, 333 Fed. App'x 806, 813 (5th Cir. May 26, 2009). Furthermore, the Fifth Circuit noted that any error on the part of the district court was harmless because the proposed expert testimony would not have affected the lower court's ruling on the plaintiffs' motion for judgment as a matter of law. *Aiken*, 333 Fed. App'x at 813. However, there is no Fifth Circuit opinion that specifically holds that an expert must

be licensed in order to provide engineering opinions under Mississippi law.

This Court remains reluctant to delve into the statutory requirements for practicing engineering. Although the Court recognizes that Rule 601 of the Federal Rules of Evidence provides that Mississippi law applies to the issue of whether a witness is competent to testify, the Mississippi courts have never held that an unlicensed engineer is not competent to give expert testimony or is otherwise prohibited from giving such testimony. In fact, the Mississippi Rules of Evidence provide that every person is competent to be a witness except persons appointed by a court to make an appraisal in an eminent domain proceeding and, in certain circumstances, spouses. Miss. R. Evid. 601. Finally, it should be noted that the Mississippi courts have never held that providing expert testimony constitutes "practicing engineering." The issue of whether Comer has complied with Mississippi's licensing requirements goes to the weight and credibility of his testimony, not its admissibility. As a result, the Court finds that the Motion to Strike Comer should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Strike Plaintiffs' Expert Witness Joseph Comer [73] that was filed by Grand Casinos of Mississippi, Inc. - Biloxi is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE