IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNY LOBELL and § | | |
| BILOXI CAPITAL, LLC § | | PLAINTIFFS |
| § | | |
| v. § | Civil Action No. 1:08cv521-LG-RHW | |
| § | | |
| GRAND CASINOS OF § | | |
| MISSISSIPPI, INC. - BILOXI § | | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**
<u>**DENYING MOTION FOR SUMMARY JUDGMENT**</u>

**BEFORE THE COURT** is the Motion for Summary Judgment [75] that was filed by Grand Casinos of Mississippi, Inc. - Biloxi. Grand Casinos argues that Kenny Lobell did not have standing to pursue this lawsuit at the time that the original complaint was filed, and thus, it argues that the original complaint was a nullity that could not be amended to add Biloxi Capital as a plaintiff. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Summary Judgment should be denied, because Lobell had standing to file this lawsuit.

FACTS

Kenny Lobell obtained an Option to Purchase the Tivoli Hotel from its owners, the Kellys, for $5.5 million. Before the Option expired, the Tivoli was damaged when it was struck by the Grand Casinos barge during Hurricane Katrina. After the storm, Lobell attempted to exercise the Option, but the Kellys refused to sell the property to Lobell. As a result, Lobell filed a lawsuit against the Kellys. Lobell and the Kellys reached a settlement agreement on August 1, 2006, in which the Kellys agreed to assign their claim against Grand Casinos to "Lobell and his interests" and agreed to

sell the property to Lobell for $5.5 million. After that, Lobell transferred the right to purchase the Tivoli to Biloxi Capital, LLC, and it purchased the property.

In 2008, Lobell filed this lawsuit against Grand Casinos, pursuant to the assignment. The Complaint was later amended to add Biloxi Capital as a co-plaintiff.

## DISCUSSION

In a previous Memorandum Opinion and Order [47], this Court held that Lobell had standing to file this lawsuit, pursuant to the August 1, 2006, assignment, which is evidenced by a written transcript. Nevertheless, Grand Casinos has filed the present Motion, once again asserting that Lobell does not have standing. It now argues that Lobell assigned the cause of action to Biloxi Capital before this lawsuit was filed.

In support of its argument, Grand Casinos relies on deposition testimony given by Lobell, in which he opines that he assigned the rights to pursue this lawsuit to Biloxi Capital when the limited liability company was formed in June of 2006. (Ex. C to Def.'s Mot. at 61). Grand Casinos also relies on the Limited Liability Company Agreement concerning the formation of Biloxi Capital, LLC, which was entered into on June 30, 2006. The LLC Agreement provides, "Mr. Lobell will transfer to the Company all of his interest in and to any and all Property and the Property Agreements; provided that the Company at its discretion may elect to defer the acquisition of the Property identified on Exhibit "E" as "Tivoli" . . . ." (Ex. F to Def.'s Mot. at art. 9.1(f)).

Pursuant to Miss. Code Ann. § 11-7-3, an assignee of a chose in action may file a lawsuit and recover on that chose in action in his own name if the assignment is in writing. Grand Casinos argues that the LLC Agreement constitutes an assignment.

-2-

However, Lobell only owned an option to purchase the Tivoli property at the time that the LLC Agreement was executed. The chose in action was not assigned to him until over one month later. He could not assign that which he did not own.

Furthermore, the signed Assignment of Purchase Agreements, Options and Other Agreements from Lobell to Biloxi Capital that was executed in August of 2006 does not mention the chose in action. (Ex. J to Pls.' Resp. at Ex. A). The Court has not located any writing that evidences an assignment of the Tivoli chose in action from Lobell to Biloxi Capital, and Lobell is not qualified to give a legal opinion concerning whether he effectively assigned the lawsuit to Biloxi Capital under Mississippi law. As a result, the Court finds that Lobell has standing to pursue this litigation. Thus, Grand Casinos is not entitled to judgment as a matter of law.[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [75] that was filed by Grand Casinos of Mississippi, Inc. - Biloxi is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Grand Casinos also argued that it would be entitled to judgment as a matter of law if the Court granted its Motion to Strike Joseph Comer [73]. Since the Court has denied the Motion to Strike Comer, that argument is without merit.