IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNY LOBELL and § | | |
| BILOXI CAPITAL, LLC § | | PLAINTIFFS |
| § | | |
| v. § | Civil Action No. 1:08cv521-LG-RHW | |
| § | | |
| GRAND CASINOS OF § | | |
| MISSISSIPPI, INC. - BILOXI § | | DEFENDANT |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss Biloxi Capital, LLC, for Lack of Standing [88] that was filed by Grand Casinos. The plaintiffs have filed a response to the Motion, and Grand Casinos has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that Biloxi Capital has standing to pursue this lawsuit, and thus, the Motion to Dismiss must be denied.

### DISCUSSION

A complete discussion of the facts and procedural history of this lawsuit are included in this Court's previous decisions [47,87] denying Grand Casinos' Motions seeking dismissal of Kenny Lobell's claims for lack of standing. Grand Casinos now argues that Biloxi Capital does not have standing to pursue this lawsuit, because this Court held in its most recent Memorandum Opinion and Order [87] that Lobell did not assign this chose in action to Biloxi Capital. However, as this Court previously noted, the original owners of this chose in action, the Kellys, agreed to assign their claim against Grand Casinos to "Lobell and his interests." In this Court's initial opinion[47]

denying Grand Casino's Motion to Dismiss Lobell, the Court reserved judgment on the issue of whether the Kellys assigned the chose in action to both Lobell and Biloxi Capital, because there was no evidence before the Court at that time concerning whether Lobell had an ownership interest in Biloxi Capital at the time of the assignment. Thus, contrary to Grand Casinos' arguments, this Court's previous opinions do not dictate a determination that the chose in action was never assigned to Biloxi Capital. The Court merely held that Lobell did not assign his right to sue to Biloxi Capital, but it has not previously determined whether the Kellys assigned the chose in action to both Lobell and Biloxi Capital.

Evidence has now been presented to the Court that Lobell partially owned Biloxi Capital at the time of the assignment. The assignment to both Lobell and Biloxi Capital is evidenced by a writing– a transcript describing the agreement with the Kellys. Although Grand Casinos argues that an assignment of a chose in action must be more specific than that made by the Kellys, it has not provided any authority to the Court that supports that argument, and the Court has not located any such authority. The statute governing assignments, Miss. Code Ann. § 11-7-3, merely requires a writing. As a result, the Court finds that Biloxi Capital and Lobell jointly obtained the right to pursue this lawsuit, and Grand Casinos' Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss Biloxi Capital, LLC, for Lack of Standing [88] that was filed by Grand Casinos is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of December, 2010.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge